The Planchards appeal from a summary judgment in favor of the defendant, Dobbs Mobile Bay, Inc., d/b/a/ Treadwell Ford ("Treadwell"), on their counts alleging fraud, deceit, and willful or reckless misrepresentation in the sale to them of an automobile. We affirm.
On September 9, 1985, the Planchards bought from Treadwell a 1985 Ford Tempo for $8,566.45 after trade-in allowance, down payment, and addition of taxes. The "New Vehicle Retail Buyer's Order" contained the following provision at the top of the page:
 "The purchaser of the vehicle described herein understands that it may have suffered damage during production, transit or while in the control and the possession of the seller. There are no warranties of merchantability or fitness *Page 943 
being made by the seller to the purchaser as to repairs of such damage."
Laura and James Planchard both signed below this and stated in their depositions that they read and understood it.
After making one payment, on October 1, 1985, the Planchards began having problems with the car. Specifically, the engine would stall occasionally and there appeared a dullness in the paint on the roof and on the passenger side. However, Laura Planchard testified in her deposition that the automobile was repaired to her satisfaction — that with the repair it was "good enough for me." There was also a dent in the roof approximately one inch to three inches in diameter due to damage that occurred while the car was being transported to Treadwell on a truck owned by Motor Convoy. Treadwell repaired the dent at a cost of $133, which Motor Convoy paid. The Planchards took the car to Treadwell twice for the stalling engine. Subsequently, the roof began leaking and the leaks caused the dashboard to buckle; when that happened, James Planchard took the car back to Treadwell and said he no longer wanted it. He did not request that Treadwell repair the leak. The Planchards insist that they were not sold a "new" car as warranted by the sales contract and that there was at least a scintilla of evidence to that effect and that the summary judgment in favor of Treadwell was therefore improper.
This Court has had cases involving the issue of whether an automobile was, in fact, "new." In both American Honda MotorCo. v. Boyd, 475 So.2d 835 (Ala. 1985), and BoulevardChrysler-Plymouth, Inc. v. Richardson, 374 So.2d 857 (Ala. 1979), there was evidence of such extensive damage to the cars, even collision damage, to justify jury verdicts that the cars were not "new," even though there had been no prior retail owners. However, neither Boyd nor Richardson involved a clause of the type signed by the Planchards. For their case to withstand summary judgment, there must necessarily be a scintilla of evidence of damage, not mechanical difficulties, other than the type "suffered . . . during production, transit, or while in the control and the possession of the seller." They have shown none.
In the recent case of Traylor v. Bell, 518 So.2d 719
(Ala. 1987), the plaintiff, in purchasing an automobile, signed a sales contract that stated a price different from that quoted to him during negotiations. In affirming a summary judgment for the dealer, we emphasized the absence of ordinary care, which would have led to the discovery of the different price. Because the plaintiff's reliance on the price quoted during negotiations was unreasonable, in light of the written price, summary judgment was proper on the plaintiff's fraud claim.
The Planchards' signing the clause disclosing the possibility of the very transit damage that is present here precludes them from now alleging fraud, misrepresentation, and deceit. We do not find a scintilla of evidence of damage other than that revealed to the Planchards in their sales contract. The summary judgment in favor of Treadwell was, thus, appropriate.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.