The majority places much emphasis on Planchard v. DobbsMobile Bay, Inc., 529 So.2d 942 (Ala. 1988). Because I disagree with the use of Planchard to defeat the plaintiff's claim in this case, I must dissent. ThePlanchard rationale gives automobile *Page 892 
dealers an incentive to misrepresent, withhold, or suppress material information that should be disclosed to the buyer, while protecting themselves so long as they insert the proper language into their "buyer's order" form. Such a rationale is neither wise nor equitable where the buyer seeks to purchase a "new" vehicle; it is tantamount to imposing the doctrine of caveat emptor on the sale of new automobiles.
This Court has noted that the trend in the law is toward protection of the consumer and away from the old "buyer beware" standard. See, e.g., Neil Huffman Volkswagen Corp.v. Ridolphi, 378 So.2d 700 (Ala. 1979) (involving the sale of a used vehicle; buyer does not expect to drive a car that rolls sideways or becomes "nude" when washed). The decision laid down by the majority today can hardly be considered protective of the consumer. On the contrary, the present decision would allow a dealer to knowingly sell a damaged car, yet point to the disclaimer in its "buyer's order" form and avoid any liability where there is conflicting evidence of misrepresentation or suppression of material facts.
The majority cites Planchard for the proposition that the plaintiff must produce at least a scintilla of evidence of "damage, not mechanical difficulties, other than the type suffered . . . during production, transit, or while in the control and the possession of the seller."Planchard, 529 So.2d at 943. I believe that there is evidence in this record to warrant submitting this case to a jury. There is the testimony of an appraiser who examined the truck purchased by the plaintiff, in which he stated that the door to this truck had been damaged and that, as a result thereof, the truck had depreciated by more than $4000. None of this damage or repair work was disclosed to the plaintiff before he bought the truck. It follows that a jury could reasonably find "damage" sufficient to support the plaintiff's claim. There was also evidence to indicate that the truck had been sold before but that the first buyer's financing "did not go through." Still, the truck was sold to the plaintiff as a "new" vehicle, and the plaintiff believed he was purchasing a "new" vehicle. I believe that this constitutes substantial evidence of fraud on the part of the seller in this case.
While there may be scant evidence of an express representation in the record, ignoring the contradictory affidavit filed by the plaintiff at summary judgment, the dealer in this case may well have made implied representations as to the vehicle's condition. This Court has recognized in the past that implied representations may support an action for misrepresentation. See Boulevard Chrysler-Plymouth v.Richardson, 374 So.2d 857 (Ala. 1979). In the case ofMathis v. Jim Skinner Ford, Inc., 361 So.2d 113 (Ala. 1978), we stated:
 "Purchasers have a right to assume that new automobiles will perform [and be in a mechanical and physical condition] in accordance with reasonable expectations and in accordance with implied representations inherent in marketing such products. Absent express representation, implied representations are not uncommon in the sale of new products, and reliance thereon may be shown by the totality of the circumstances and the underlying nature of the transaction itself. These concepts have long been recognized in actions based upon breach of an implied warranty and, under proper circumstances, may support a tort action for misrepresentation."
Id. at 115.
In keeping with this standard, sellers of new automobiles should be required before sale to make full, complete, and accurate disclosure to purchasers of all substantial damage known to exist in a vehicle. It can not reasonably be argued that such implied representations of condition are not necessary and integral parts of every automobile sales transaction; neither may it be argued that consumers do not justifiably rely on such representations when they are made. A written boilerplate disclosure such as the one at issue here can not fully apprise the buyer of the known defects in a vehicle. The disclosure given to the present plaintiff clearly did not make him aware that the door had had major repairs, and it clearly did not disclose to the buyer that *Page 893 
the vehicle was worth substantially less than a "new" vehicle. There was no full or accurate disclosure of the substantial damage in this case.
Based upon the foregoing, I must respectfully dissent.
JONES, SHORES and KENNEDY, JJ., concur.