Annie Bell Floyd, as administratrix of the estate of Vada Floyd, deceased, sued Dr. Raymond Broughton and Cooper Green Hospital, alleging negligence in the providing of medical care to Vada Floyd; she later added Dr. Michael Chang and Jefferson Clinic as defendants.
On April 21, 1989, Vada Floyd, age 26, was brought into the Cooper Green Hospital emergency room at 11:55 p.m., with two stab wounds to the posterior chest. Dr. Raymond Broughton, an emergency room physician, took a history and performed a physical examination of Floyd. The stab wounds appeared to be superficial; however, Dr. Broughton had an X-ray made of Floyd's chest. The X-ray revealed a very small pneumothorax in the right lung. Dr. Broughton then ordered a surgical consult. The surgical resident on call was Dr. Michael Chang. Dr. Broughton and Dr. Chang had a discussion, which resulted in Floyd's being dismissed from the emergency room at 2:10 a.m. on April 22. When he was released, Floyd was alert and ambulatory. Floyd suffered cardiopulmonary arrest at his home some 12 hours later, was admitted to Baptist Medical Center Princeton, and died in the early hours of April 23, 1989.
The trial began on May 2, 1994. At the close of the evidence, the trial judge directed a verdict in favor of Cooper Green Hospital. On May 13, 1994, the jury returned a verdict for the defendant doctors and Jefferson Clinic. The plaintiff moved for a JNOV or, in the alternative, a new trial. The trial judge granted the plaintiff a new trial in respect to Dr. Chang, but denied a new trial in respect to Dr. Broughton and the other defendants. *Page 899 
The judge denied the JNOV as to both doctors and the other defendants.
In case 1931670, the plaintiff appeals from the denial of a JNOV as to both doctors and appeals the denial of a new trial as to Dr. Broughton. In case 1931745, Dr. Chang appeals from the trial court's order granting the plaintiff a new trial in respect to her claim against him.
We first consider the plaintiff's contention that the trial court erred in denying her motion for a JNOV as to both doctors. The JNOV motion was based upon a sufficiency-of-the-evidence claim, while the motion for a new trial was based upon a weight-of-the-evidence claim. The standard of review for a JNOV motion and the standard of review for a new trial have been stated as follows:
 "The standard of review applicable to a motion for JNOV is identical to the standard used by the trial court in granting or denying a directed verdict motion initially. Turner v. Peoples Bank of Pell City, 378 So.2d 706 (Ala. 1979). Granting a motion for JNOV is proper 'only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ' and the moving party is entitled to judgment as a matter of law. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984).
 "But where they are unchallenged on a sufficiency-of-the-evidence ground, or when the evidence meets the 'sufficiency' test, jury verdicts are presumed correct, and this presumption is strengthened by the trial court's denial of a motion for new trial. Therefore, a judgment based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed on a weight-of-the-evidence ground unless it is 'plainly and palpably' wrong. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). See, also, Jawad v. Granade, 497 So.2d 471 (Ala. 1986)."
Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala. 1988).
Thus, we look to whether the evidence would support the jury's verdict in favor of defendants Dr. Broughton and Dr. Chang. In medical malpractice cases, the plaintiff must present expert testimony in order to meet the sufficiency requirement and thus allow the factfinder to consider the issue whether the defendant physician breached the standard of care. Lightsey v.Bessemer Clinic, P.A., 495 So.2d 35 (Ala. 1986). The plaintiff presented sufficient evidence in that regard; however, there was also expert testimony that the doctors met the standard of care, and that testimony supports the jury's verdict in their favor. Dr. Broughton was qualified as an expert, and he testified on his own behalf. Dr. Phillip Bobo, chief of emergency services at Druid City Hospital in Tuscaloosa, testified as an expert witness on behalf of Dr. Broughton. Dr. Rex Sherer was called as an expert witness on behalf of Dr. Chang, and he testified that both doctors met the standard of care. The plaintiff presented the expert testimony of Dr. Jonathan Glauser; his testimony created a factual dispute between the experts as to the standard of care. Because of the conflicting expert testimony, the factual determination rested solely with the jury. James v. Woolley, 523 So.2d 110, 112
(Ala. 1988). Apparently, the jury believed Dr. Sherer's testimony that both Dr. Broughton and Dr. Chang met the standard of care.
We have carefully studied the record and conclude that there was substantial evidence to support the jury verdict, and that the verdict was not plainly and palpably wrong. Stokes v.Long-Lewis Ford, Inc., 549 So.2d 51, 52 (Ala. 1989); Merrell v.Joe Bullard Oldsmobile, Inc., 529 So.2d 943, 946 (Ala. 1988). Thus, the trial court properly denied the plaintiff's motion for a JNOV as to the two doctors and properly denied a new trial as to Dr. Broughton.
Dr. Chang contends that the trial court erred in ordering a new trial in respect to the plaintiff's claim against him on the sole ground that the verdict in his favor was against the great weight of the evidence. The applicable standard of review was established by this Court in Jawad v. Granade,497 So.2d 471 (Ala. 1986): If it is "easily perceivable from the record that the jury verdict is supported by the evidence," then *Page 900 
"an order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion." 497 So.2d at 477. The trial judge stated in his order granting the new trial with respect to Dr. Chang: "The great weight of the evidence raises serious questions regarding Dr. Chang's credibility about the events surrounding the decedent's death." The trial judge further stated that while there "is some evidence in the record to support the jury's verdict, the court believes the verdict in Dr. Chang's favor is not easily perceivable and is against the great weight of thecredible evidence." (Emphasis original.)
It is settled law that the credibility of the witnesses is the province of the jury. By ordering a new trial solely on the ground that the verdict is against the great weight of the evidence, the trial judge invaded the province of the jury. We have carefully examined the record, and we conclude that it supports the jury verdict in favor of Dr. Chang. An appellate court must review the evidence in the light most favorable to the prevailing party and must indulge all reasonable inferences that the jury was free to draw. Warren v. Ousley,440 So.2d 1034 (Ala. 1983).
In Dabbs v. Thursby, 599 So.2d 602 (Ala. 1992), this Court reversed the trial court's order granting a new trial, because there was evidence to support the jury's verdict in favor of the doctor. We wrote:
 "It is easily perceivable from the record that the jury's verdict for Dr. Dabbs was supported by sufficient evidence. Dr. Reynolds testified that Dr. Dabbs met the appropriate standard of care in examining Heather. Dr. Dabbs also testified that he met the standard of care required of a doctor in this case. A jury may rely upon expert testimony from a defendant duly qualified as an expert."
599 So.2d at 604.
The issue whether a physician-patient relationship existed between Dr. Chang and Vada Floyd was presented to the jury for its determination. It is easily perceivable from the record that the jury could have determined that no physician-patient relationship existed between Dr. Chang and Vada Floyd because Dr. Chang never saw Floyd. Dr. Chang was consulted only by telephone. Nevertheless, assuming that the jury did find a physician-patient relationship between Dr. Chang and Floyd, it is also easily perceivable from the record that the jury could have found that Dr. Chang met the standard of care. For these reasons, the trial court's new trial order is due to be reversed and the cause remanded for reinstatement of the jury verdict in favor of Dr. Chang.
1931670 — AFFIRMED.
1931745 — REVERSED AND REMANDED.
MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.