Locklear Dodge City, Inc. ("Locklear"), appeals the trial court's denial of its motion for a judgment as a matter of law (a judgment formerly known as a judgment notwithstanding the verdict; see Rule 50, Ala. R. Civ. P.) or, in the alternative, a new trial, following a jury verdict awarding the plaintiff, Dorothy Ann Kimbrell, $150,000 in compensatory and punitive damages. Mrs. Kimbrell had alleged in her complaint that *Page 304 
Locklear had fraudulently suppressed the fact that the used automobile she purchased from Locklear had previously been involved in two accidents.
 I. Facts
On January 26, 1993, Mrs. Kimbrell and her husband purchased from Locklear a used 1990 Chrysler New Yorker automobile, for $14,196. During their test drive, the Kimbrells heard a "bumping" or a "popping" noise, which the salesperson promised Locklear would repair if the Kimbrells purchased the car. Also during the test drive, Mr. Kimbrell allegedly asked whether the car had been wrecked. The salesperson stated that to the best of his knowledge the car had not been wrecked. In fact, the car had been repossessed from the original owner and then purchased by Locklear at a Chrysler Credit Corporation auction. The documents Locklear received from Chrysler Credit did not indicate whether the car had previously been involved in an accident. However, Mrs. Kimbrell subsequently discovered that the car had been involved in two accidents and had had repairs costing a total of $18,000 to $20,000.
The Kimbrells signed several documents during the actual sale: the "Bill of Sale," a "Disclosure of Prior Use," an "Offer to Purchase," and an "Application for Certificate of Title." Each document was explained to Mrs. Kimbrell, and Locklear gave her the opportunity to read the documents before signing them. However, because Mr. Kimbrell was very sick and Mrs. Kimbrell wanted to get home as soon as possible, she did not read any of the documents before signing them.
One of the documents signed by Mrs. Kimbrell, the "Disclosure of Prior Use," specifically stated that the dealer had purchased the car at auction; therefore, it made no representation about the car's prior use. Moreover, immediately above the signature line was the following:
 "I HAVE READ THIS DISCLOSURE AND UNDERSTAND THAT THE USED VEHICLE WHICH I AM PURCHASING WAS PREVIOUSLY USED IN THE MANNER SET FORTH IN THE BLOCK CHECKED ABOVE [PURCHASED AT AUCTION — NO REPRESENTATION]. I FURTHER UNDERSTAND THAT THIS VEHICLE MAY HAVE UNDISCLOSED MECHANICAL OR BODY REPAIRS OR MAY HAVE BEEN INVOLVED IN ACCIDENTS. THE DEALER MAKES NO REPRESENTATIONS CONCERNING THE EXISTENCE OF MECHANICAL OR BODY REPAIRS OR PRIOR ACCIDENTS."
The day following the sale, the Kimbrells brought the car back for Locklear to repair the bumping noise. However, shortly after picking up their car, the Kimbrells again heard the noise. After a second unsuccessful attempt to have Locklear repair the car, Mrs. Kimbrell decided to sell it. While attempting to sell the car, she discovered that it had been wrecked.
Mrs. Kimbrell sued Locklear in July 1993, alleging revocation of acceptance, breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, promissory fraud, and fraudulent suppression. The trial court entered a summary judgment in favor of Locklear on all counts except fraudulent misrepresentation and fraudulent suppression. The case proceeded to trial, and at the close of the evidence the trial court directed a verdict in favor of Locklear on the claim of fraudulent misrepresentation. The jury returned a verdict in favor of Mrs. Kimbrell on the fraudulent suppression claim and awarded her $50,000 in compensatory damages and $100,000 in punitive damages. After the court denied Locklear's motion for a judgment as a matter of law, a new trial, or a remittitur of the damages, Locklear appealed.
 II. Discussion
The standard for reviewing a denial of a motion for a judgment as a matter of law is as follows: A judgment as a matter of law is proper " ' "only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ" and the moving party is entitled to [a] judgment as a matter of law.' " Floyd v. Broughton, 664 So.2d 897 (Ala. 1995) (quoting earlier cases). Moreover, in reviewing such a denial, the reviewing court must view all evidence *Page 305 
in the light most favorable to the nonmovant. Bussey v. JohnDeere Co., 531 So.2d 860 (Ala. 1988). In order for the plaintiff to withstand a motion for a judgment as a matter of law, the plaintiff must prove all the elements of his or her claim. The elements of a fraudulent suppression claim are:
 "(1) that the defendant had a duty to disclose a material fact, (2) that the defendant concealed or failed to disclose this material fact, (3) that the defendant's concealment or failure to disclose this material fact induced the plaintiff to act or to refrain from acting, and (4) that the plaintiff suffered actual damage as a proximate result."
Hines v. Riverside Chevrolet — Olds, Inc., 655 So.2d 909, 918
(Ala. 1994); Ala. Code 1975, § 6-5-102.
Locklear contends that because Mrs. Kimbrell signed a disclosure statement informing her that the used automobile she purchased "MAY HAVE UNDISCLOSED MECHANICAL OR BODY REPAIRS OR MAY HAVE BEEN INVOLVED IN ACCIDENTS," Locklear, as a matter of law, did not wrongfully conceal or fail to disclose any material facts. Therefore, Locklear argues that the plaintiff did not prove all the elements of a claim of fraudulent suppression. We agree, and we hold that the trial court improperly denied Locklear's motion for a judgment as a matter of law.
This Court has previously held that an automobile buyer cannot recover for misrepresentation where the buyer has signed a disclosure statement revealing the possibility of the kind of damage the buyer alleges was suppressed. Young v. SerraVolkswagen, Inc., 579 So.2d 1337 (Ala. 1991); Couch v. WoodyAnderson Ford, Inc., 558 So.2d 888 (Ala. 1989); Planchard v.Dobbs Mobile Bay, Inc., 529 So.2d 942 (Ala. 1988); Page v. DobbsMobile Bay, Inc., 599 So.2d 38 (Ala.Civ.App. 1992). Moreover, In Hines v. Riverside Chevrolet-Olds, Inc., supra, this Court stated:
 "This Court has held that the signing of a disclaimer or a statement disclosing the possibility of damage to a vehicle . . . precludes a new car purchaser from recovering on claims of deceit, misrepresentation, and suppression of a material fact, based on allegations of damage within the purview of the disclaimer or disclosure statement. Planchard v. Dobbs Mobile Bay, Inc., 529 So.2d 942 (Ala. 1988); see also Young v. Serra Volkswagen, Inc., 579 So.2d 1337 (Ala. 1991); Couch v. Woody Anderson Ford, Inc., 558 So.2d 888 (Ala. 1989); Page v. Dobbs Mobile Bay, Inc. 599 So.2d 38 (Ala.Civ.App. 1992). This rule is based on a purchaser's knowing and intelligent acknowledgment of the possibility of such damage or a knowing and intelligent waiver of legal rights, both of which must be evidenced by the signature of the new car purchaser beneath a disclaimer or disclosure statement on the contract of sale or 'buyers order.' "
655 So.2d at 922 (emphasis in original). Even thoughHines involved the purchase of a new automobile, the principle is applicable also to the purchase of a used one. One who signs a disclosure statement, as Mrs. Kimbrell did, acknowledges the possibility of such damage. By signing the disclosure statement, Mrs. Kimbrell knowingly and intelligently acknowledged that she had been informed of a possibility that the car she was purchasing had been repaired or had been involved in an accident. Therefore, we must conclude that, as a matter of law, Locklear did not suppress this information.
In addition to the fact that the disclaimer disclosed to Mrs. Kimbrell the possibility that the car had been damaged, she presented no substantial evidence that Locklear actually knew that the car had been involved in an accident. Suppression has occurred "[w]hen the defendant had superior knowledge of the fact not disclosed and the plaintiff was induced to take action that the plaintiff might not have otherwise taken if he or she had also known this fact." Hines, 655 So.2d at 918. Only on the basis of such facts will a reasonable person find that there was a duty to disclose. Locklear typically changes the oil and fluids before placing a used car on its lot for sale. An oil change could have alerted Locklear to the damage. However, Mike Locklear, the Locklear employee who purchased the automobile at auction and Locklear's sales manager, testified that in the case of this car, Locklear did not perform an oil change because an oil change had been *Page 306 
performed immediately before the auction, before Locklear purchased the car.[1] Locklear did install a new battery and "detail" the vehicle, but, according to the Locklear employee who performed these tasks, changing the battery took only two to three minutes and during the course of his dealings with the vehicle he did not notice anything indicating that the car had been previously damaged. Moreover, the documents from the Chrysler Credit Corporation auction did not indicate that the car had been damaged. Chrysler Credit's policy was to disclose if a car had sustained frame damage. It was only after Mrs. Kimbrell had returned the car for Locklear to fix the "popping" noise that a Locklear mechanic noticed that the car had been repaired. Because the plaintiff did not present substantial evidence that Locklear had actual knowledge of the fact that the car purchased by Mrs. Kimbrell had been involved in previous accidents, we must conclude that Locklear did not fraudulently suppress any material information from Mrs. Kimbrell.
Even though the disclaimer mentioned the fact that the car may have been wrecked, Mrs. Kimbrell claims that this information was suppressed because she did not read the documents she signed during the sales transaction. However, this Court has held that a person who signs a contract is on notice of the terms therein and is bound thereby even if he or she fails to read the document. Power Equipment Co. v. FirstAlabama Bank, 585 So.2d 1291 (Ala. 1991). Mrs. Kimbrell is capable of reading; she simply chose not to read this contract because her husband was ill and because she trusted Locklear. In light of these factors, it is understandable that Mrs. Kimbrell might choose not to read the contract before signing it. She took a risk. However, Mrs. Kimbrell should not be excused from her contractual responsibilities because she took that risk. To hold otherwise would turn the concept of "sanctity of contract" upside down. Allowing parties to avoid their contractual obligations by merely claiming that they did not read a contract would encourage irresponsibility. Those responsible enough to read their contracts would be bound to their terms, while those reckless enough not to read their contracts could avoid their terms; in addition to avoiding the contract terms, the party who did not read the contract could file a legal action against the other party for suppressing something that was stated clearly in the contract. This is too perverse a result to contemplate. Moreover, modern society relies on written agreements.
Parties to a contract must be allowed to rely on the terms of a signed agreement. It would impose a punitive result upon Locklear for this Court to determine that a party that chooses not to read a contract is not obligated by that contact and can ignore any provision that does not suit that party. Therefore, Mrs. Kimbrell cannot claim, based on her failure to read the contract, that she was not informed of the possibility that the car had been wrecked. That information was in bold capital letters appearing immediately above the line where she signed her name on the contract. By signing the document, Mrs. Kimbrell agreed to the terms therein and acknowledged that the terms of the agreement had been disclosed to her. This Court will not lightly release parties from contracts to which they have bound themselves.
 III. Conclusion
The judgment of the trial court is reversed, and a judgment for Locklear is rendered.
REVERSED AND JUDGMENT RENDERED.
MADDOX, HOUSTON, and SEE, JJ. concur.
ALMON, J., concurs in the result.
KENNEDY, J., dissents.
[1] The president of Locklear, Steve Locklear, testified that Locklear did perform an oil change, lubrication, and filter change on the car subsequently purchased by the Kimbrells. However, he also acknowledged that whether the oil would be changed was solely within the discretion of Mike Locklear, and the documents regarding this car did not show that the oil was changed by Locklear. *Page 307