HOOPER, Chief Justice
(dissenting).
I must respectfully dissent from this Court’s denial of a writ of certiorari. Renea Hunter signed a form stating:
“I have been informed by my State Farm agent that the Company does not intend to reinstate this policy so as to provide coverage during the period that the policy was out of force.
It is therefore understood and agreed that receipt of this remittance does not reinstate the insurance prior to _ (time) AM PM_(date).”
She now claims to have no recollection of this form, even though she admits that it is her signature on the document.
The language quoted here clearly conveyed the fact that the Hunters’ coverage was not retroactive and that Greg Hunter’s automobile accident would therefore not be covered. By signing this form, Ms. Hunter agreed that State Farm would not be responsible for any claims that had arisen after the policy had lapsed. No breach of contract could have occurred, because Renea Hunter’s signature provides objective proof that State Farm had no duty to pay the claim. State Farm could not have fraudulently suppressed the fact that it would not pay the claim, because the form Renea Hunter signed clearly disclosed that fact. As a matter of law, therefore, *435 there can be no issue of material fact as to her claims of fraud and breach of contract; the trial court correctly entered the summary judgment as to these claims.
The Hunters are not the first plaintiffs who have entered a contract and then tried to back out of it by claiming ignorance of its contents. In the past, this Court has not allowed a party to avoid the obligations imposed by a contract he or she has signed. In Locklear Dodge City, Inc. v. Kimbrell, 703 So.2d 303 (Ala.1997), we held that a person who signs a contract is on notice of its terms and is bound by them even if he or she does not read the document. I wrote in that case:
“Allowing parties to avoid their contractual obligations by merely claiming that they did not read a contract would encourage irresponsibility. Those responsible enough to read their contracts would be bound to their terms, while those reckless enough not to read their contracts could avoid their terms; in addition to avoiding the contract terms, the party who did not read the contract could file a legal action against the other party for suppressing something that was stated clearly in the contract.... Moreover, modern society relies on written agreements.
Parties to a contract must be allowed to rely on the terms of a signed agreement. It would impose a punitive result upon [the defendant] for this Court to determine that a party that chooses not to read a contract is not obligated by that contract and can ignore any provision that does not suit that party.”
703 So.2d at 306. The opinion by the Court of Civil Appeals in the present case, Hunter v. State Farm Fire & Cas. Co., 710 So.2d 428 (Ala.Civ.App.1997), reaches the inequitable result this Court avoided in Locklear Dodge. Because the Court of Civil Appeals erroneously reversed the summary judgment entered by the trial judge, this Court should grant a writ of certiorari to correct that court’s error.