879 So.2d 1156 (2003)
Ex parte LEASECOMM CORPORATION.
(In re Jeffery R. Sisk
v.
Tim Kelleher et al.)
1021212.
Supreme Court of Alabama.
October 3, 2003.
*1157 Roger L. Bates and E. Shane Black of Hand Arendall, L.L.C., Birmingham, for petitioner.
Daniel B. King of King & King Attorneys, P.C., Gadsden, for Jeffery R. Sisk.
STUART, Justice.
Leasecomm Corporation, a Massachusetts corporation registered to do business in Alabama, petitions this Court for a writ of mandamus directing the Etowah Circuit Court to grant its motion to dismiss or, in the alternative, for a change of venue. We grant the petition.

Facts and Procedural History
On June 8, 1999, Jeffery R. Sisk, the owner of Southern Belle Quick Stop convenience store, executed a "Non-Cancellable Equipment Lease Agreement," pursuant to which he was to lease certain credit-card processing equipment from Leasecomm. The lease agreement contained the following paragraph just above Sisk's first signature on the front page, typed in boldface and underlined:
"The Parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the laws of the Commonwealth of Massachusetts. They further consent and submit to the exclusive jurisdiction of the Courts of the Commonwealth of Massachusetts and expressly agree to such exclusive forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder, and expressly waive any objection to venue in any such Courts and waive any right to a trial by jury so that trial shall be by and only to the Court. It is further agreed and understood that the corporate headquarters of Leasecomm Corporation is located within the venue of The District Court Department of the Trial Court within Middlesex County."
The agreement also contained the following statement just above Sisk's second signature on the front page, also in boldface and underlined:
"The undersigned specifically understands and also agrees with the bold, underlined provision stated above submitting and consenting to the laws and jurisdiction of the Commonwealth of Massachusetts for any action *1158 whatsoever arising out of this lease."
On January 3, 2002, after the credit-card processing equipment had malfunctioned and Leasecomm had refused to repair the equipment, Sisk sued Leasecomm in the Etowah Circuit Court, alleging fraud in the inducement, continuing fraud, misrepresentation, and breach of contract. On November 7, 2002, Leasecomm moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(3), Ala.R.Civ.P., or, in the alternative, to enforce the forum-selection clause in the agreement and transfer the case to an appropriate court in Massachusetts. After a hearing, the trial court denied Leasecomm's motion without making any factual findings.

Standard of Review
"An outbound forum-selection clausea clause by which parties specifically agree to trial outside the State of Alabama in the event of a dispute implicates the venue of a court rather than its jurisdiction. See Ex parte CTB, Inc., 782 So.2d 188 (Ala.2000); and O'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844, 845 n. 1 (Ala.1999).
"`"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte National Security Ins. Co., 727 So.2d 788, 789 (Ala.1998). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).' "Ex parte CTB, Inc., 782 So.2d at 190. `On appeal, the review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion.' Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001)."
Ex parte Rymer, 860 So.2d 339, 341 (Ala. 2003).

Analysis
Leasecomm contends that it has a clear legal right to the enforcement of the outbound forum-selection clause because, it says, Sisk did not clearly establish that Sisk was fraudulently induced to enter into the agreement containing the clause. We agree.
This Court, in Professional Insurance Corp. v. Sutherland, 700 So.2d 347 (Ala.1997), adopted the majority rule that an outbound forum-selection clause should be enforced so long as its enforcement is neither unfair nor unreasonable under the circumstances of the case. When a party challenges the enforcement of an outbound forum-selection clause, the party must clearly establish either
"(1) that enforcement of the forum selection clause[ ] would be unfair on the basis that the contract[ ] ... [was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action."
700 So.2d at 352.
The United States Supreme Court in Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), relying on its holding in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), addressed the enforcement of forum-selection clauses and upheld the enforceability of a forum-selection *1159 clause when the action involved claims of fraud. In Scherk, the Court, despite the allegations of fraud, upheld the enforcement of a forum-selection clause, stating:
"In The Bremen we noted that forum-selection clauses `should be given full effect' when a `freely negotiated private international agreement [is] unaffected by fraud....' 407 U.S., at 13. This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."
417 U.S. at 519 n. 14, 94 S.Ct. 2449. The United States Court of Appeals for the Eleventh Circuit in Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1296 (11th Cir.1998), applied the Scherk holding, stating, "By requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice is unenforceable, courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties."
Thus, the proper inquiry is whether the forum-selection clause is the result of fraud in the inducement in the negotiation or inclusion in the agreement of the forum-selection clause itself. If the forum-selection clause is the result of fraud in the inducement, then the fraud exception to the enforceability of the clause applies. However, if the claim of fraud in the inducement is directed toward the entire contract, the fraud exception to enforcement of the forum-selection clause does not apply. Cf. Investment Mgmt. & Research, Inc. v. Hamilton, 727 So.2d 71, 78 (Ala.1999)("[W]hen a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court. On the other hand, when a claim of fraud in the inducement is directed toward the entire contract ... the issue is subject to arbitration.").
In his complaint, Sisk alleged that Leasecomm, through its agent, fraudulently represented that if the leased equipment malfunctioned the defendant would repair the equipment within 24 hours, but that when the equipment malfunctioned, Leasecomm refused to repair it.
At the hearing on Leasecomm's motion to dismiss, Sisk maintained that enforcement of the outbound forum-selection clause would be unfair because, he said, the entire lease agreement was affected by fraud. Sisk testified that he was fraudulently induced to sign the agreement because, he says, he was not permitted the opportunity to retrieve his glasses and read the small print before he signed the agreement. Sisk emphasizes in his answer to this Court that he signed the agreement based on representations that Tim Kelleher, who, he alleges, is Leasecomm's agent, made to him. Specifically, he alleged that Kelleher told him that after Sisk signed the agreement, Kelleher would finish filling out the agreement, have it signed by Leasecomm, and send it back to Sisk. According to Sisk, Kelleher told him that Sisk could then read the agreement, and, if Sisk objected to some of the provisions, he could "x" through them, initial the changes, and send the agreement back to Leasecomm. If Leasecomm agreed with Sisk's proposed changes, it would initial the changes. If Leasecomm disagreed, then Sisk and Leasecomm could continue to negotiate. According to Sisk, Kelleher stated that if the differences could not be worked out, there would be no *1160 lease agreement between Leasecomm and Sisk.
We conclude that Sisk has not established that the forum-selection clause was the result of fraud in the inducement. With regard to his contention that he was fraudulently induced into signing the agreement and that he was not permitted to retrieve his glasses to read it, we note that "`a person who signs a contract is on notice of the terms therein and is bound thereby even if he or she fails to read the document.' Locklear Dodge City, Inc. v. Kimbrell, 703 So.2d 303, 306 (Ala.1997)." Ex parte Rymer, 860 So.2d at 342. Moreover, evidence indicating that the fraud occurred after the contractual relationship was formed and that it resulted from Leasecomm's not properly responding to an equipment failure appears to establish a claim of breach of contract, not fraud in the inducement. Consequently, Sisk has not met his burden of clearly establishing that enforcement of the outbound forum-selection clause would be unfair under the circumstances.
Moreover, we note that Sisk does not argue, much less demonstrate, that the lease agreement was affected by undue influence or overweening bargaining power, or that enforcement of the forum-selection clause would be unreasonable on the basis that the chosen forum would be seriously inconvenient for the trial of an action.

Conclusion
Sisk failed to clearly establish that enforcement of the forum-selection clause would be either unfair or unreasonable. Leasecomm has demonstrated a clear legal right to have the action against it dismissed on the basis that venue in the Etowah Circuit Court is, by virtue of the outbound forum-selection clause, improper. The trial court exceeded its discretion in denying Leasecomm's motion to dismiss. We direct the court to dismiss this action, without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
LYONS, J., concurs in the result.