[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 909 
Soprema, Inc., Kelly Ray, Charles Hallenbeck, and Gilbert Lorenzo, defendants in an action pending in the Mobile Circuit Court (hereinafter referred to collectively as "the defendants"), petition this Court for a writ of mandamus directing the circuit court to enforce a forum-selection clause in Soprema's contract with The Lathan Company, Inc. ("Lathan"), the plaintiff below, by granting the defendants' motion to dismiss. We grant the petition. *Page 910 
 Facts
In April 2000, Soprema, Inc., an Ohio corporation that manufactures roofing materials, executed an agreement, the "Soprema Authorized Roofing Contractor Agreement" ("the agreement"), with Lathan, an Alabama commercial roofing company. The agreement made Lathan an authorized roofing contractor for Soprema roofing products. The agreement authorized Lathan to install roofing systems manufactured by, Soprema and provided that Soprema was to determine whether any project on which Lathan proposed using Soprema's roofing products would be issued a manufacturer's warranty upon completion. The agreement contained the following forum-selection clause:
 "Jurisdiction/Venue. Any suit, action, or other proceeding which arises out of or is based upon the subject matter of this Agreement shall be brought in one of the state courts of Ohio with jurisdiction over Medina County or the United States District Court for the Northern District of Ohio. [Lathan] hereby irrevocably submits to the jurisdiction of these courts and hereby waives, and agrees not to assert, by way of motion, as a defense", or otherwise, in any such suit, action or proceeding, any claim that is not subject personally to the jurisdiction of such courts, that its property is exempt or immune from attachment or execution, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement or the subject matter hereof may not be enforced in or by such court. . . ."
According to Lathan, during the time it was an authorized contractor for Soprema, Soprema and W.P. Hickman Systems ("Hickman"), another manufacturer of roofing materials, conspired to control how their authorized contractors, like Lathan, would be awarded the roofing projects on which those contractors bid. Lathan maintains that Soprema and Hickman would decide which of the two of them would provide roofing materials for a potential project, what the price for the roofing materials would be, and how the price would be charged to their authorized contractors. Lathan reasons that,
 "if Soprema and Hickman decided Soprema would provide materials for a particular project, Soprema would quote inflated [prices], but lower prices than Hickman, to its approved contractors who were bidding on the job, and Hickman would quote substantially higher prices to its contractors. In this manner, it was certain that a contractor utilizing Soprema roofing materials would win the project and that all Hickman-approved contractors would lose the project, and vice versa."
In 2000, the University of West Florida ("UWF") requested bids for a roofing project. Lathan, in preparing a bid for the project, asked Soprema's regional manager, Kelly Ray, for a price quote for materials needed for the UWF project and for a letter verifying Soprema's ability to meet the warranty required by the project specifications. Lathan submitted a bid for the UWF project based on the material prices quoted to him by Ray and labor costs and included a letter from Ray, on behalf of Soprema, stating that Lathan was authorized to install Soprema roofing materials. Lathan believed that this letter from Ray satisfied the UWF bid requirements.
Lathan was the low bidder on the UWF roofing project. However, after the bids were opened, Soprema gave Lathan new price quotes on the roofing materials; those price quotes, according to Lathan, were "three to four times higher" than the price quotes Soprema had originally given *Page 911 
Lathan and that Lathan had used to calculate its bid on the UWF project. Soprema also notified UWF that Lathan's manufacturer's letter did not meet the project specifications.[1] When UWF asked Soprema whether Lathan was an approved Soprema contractor, Soprema replied that Lathan was not at that time an "authorized" Soprema contractor but was authorized on a per-job basis. UWF notified Lathan that because its bid documents did not meet the bid-document requirements, it would not be awarded the project. UWF awarded the roofing project to a Hickman-approved contractor.
In August 2003, Lathan sued Soprema, Inc., and Soprema employees Kelly Ray, Charles Hallenbeck, and Gilbert Lorenzo in the Mobile Circuit Court, alleging interference with business relations with a third party, disparagement and defamation of business reputation to a third party, fraudulent suppression, misrepresentation, breach of contract, and conspiracy. Lathan maintains that the defendants and Hickman conspired to have the UWF project awarded to a Hickman-approved contractor. According to Lathan, the defendants knew at the time Lathan requested the warranty-verification letter from Soprema that Ray's letter did not meet the requirement of the UWF project specifications, but they did not inform Lathan.
The defendants moved to dismiss Lathan's action on the basis of improper venue, citing the forum-selection clause in the agreement. In January 2004, the trial court "conditionally denied" the defendants' motion to dismiss until discovery could be performed to determine whether the forum-selection clause "controls the issue of venue given the allegations of the complaint and the position of the parties." In April 2004, the defendants filed their answer and a counterclaim, based on an assigned warranty from the City of Mobile and Lathan's alleged defective and sub-standard installation of a Soprema roof on the Mobile Civic Center. After "substantial discovery," Lathan filed a second amended complaint in October 2005, adding claims alleging "prima facie tort" and bid-rigging.
In November 2005, the defendants filed a renewed motion to dismiss pursuant to the forum-selection clause in the agreement. In December 2005, the trial court conducted a hearing and denied the motion. The defendants then filed this petition for a writ of mandamus.
 Standard of Review "`"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).'
 "Ex parte CTB, Inc., 782 So.2d 188, 190
(Ala. 2000). In Ex parte CTB, this Court established that a petition for a writ of mandamus is the proper vehicle for obtaining review of an order denying enforcement of an `outbound' forum-selection clause when it is presented in a motion to dismiss. Indeed, an attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper *Page 912 
venue. Additionally, we note that a party may submit evidentiary matters to support a motion to dismiss that attacks venue. Williams v. Skysite Communications Corp., 781 So.2d 241
(Ala.Civ.App. 2000), quoting Crowe v. City of Athens, 733 So.2d 447, 449 (Ala.Civ.App. 1999).
 ". . . .
 ". . . On appeal, the review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion. O'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844 (Ala. 1999)."
Ex parte D.M. White Constr. Co., 806 So.2d 370, 372-73
(Ala. 2001).
 Legal Analysis
The defendants contend that the trial court exceeded the scope of its discretion when it refused to enforce the forum-selection clause in the agreement and denied the defendants' motion to dismiss this action on the basis that venue in the Mobile Circuit Court was improper. Specifically, the defendants argue that the forum-selection clause should be enforced because, they argue, enforcement of the clause is not unfair in that the agreement was not "affected by fraud, undue influence, or overweening bargaining power" and it is not unreasonable because, they say, the selected forum would not be "seriously inconvenient" for the parties.
 "An outbound forum-selection clause is enforceable unless the challenging party can establish that enforcement of the clause would be unfair on the basis that the contract `"[w]as affected by fraud, undue influence, or overweening bargaining power or . . . enforcement would be unreasonable on the basis that the [selected] forum would be seriously inconvenient."' The burden on the challenging party is difficult to meet. Ex parte CTB,
[782 So.2d 188 (Ala. 2000)]. See also Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala. 1997)."
Ex parte D.M. White Constr. Co., 806 So.2d at 372.
The defendants contend that Lathan did not establish that the agreement was unfair because, they say, the agreement was not affected by fraud, undue influence, or overweening bargaining power. The defendants maintain that the execution of the agreement involved negotiation between two sophisticated corporate entities, both of which fully understood the rights and obligations of the agreement before they executed it. Therefore, the defendants argue, there was no fraud involved in the execution of the agreement. The defendants also emphasize that Lathan's allegations of fraud relate to the agreement generally and are not directed to the forum-selection clause. Thus, the defendants urge that Lathan has not met the standard for the applicability of the fraud exception to enforcement of the forum-selection clause.
In Ex parte Leasecomm Corp., 879 So.2d 1156, 1159
(Ala. 2003), this Court held that the proper inquiry to determine whether the fraud exception to the enforcement of a forum-selection clause is applicable is "whether the forum-selection clause is the result of fraud in the inducement in the negotiation or inclusion in the agreement of the forum-selection clause itself." 879 So.2d at 1159.
In its answer to the defendants' petition for a writ of mandamus, Lathan does not address the issue of fraud in the inducement with regard to the forum-selection clause. With the exception of alleging that Soprema is an international corporation, Lathan does not dispute Soprema's statement of facts surrounding the execution of the agreement. Lathan has offered no *Page 913 
evidence to establish that enforcement of the forum-selection clause would be unfair on the basis that the agreement was affected by "fraud, undue influence or overweening bargaining power." Therefore, Lathan has failed to clearly establish that enforcement of the forum-selection clause would be unfair.
Next, the defendants contend that Lathan failed to establish that enforcement of the forum-selection clause would be unreasonable because Ohio "would be seriously inconvenient" as a venue for the trial of this case.
 "In order to demonstrate that the chosen forum is seriously inconvenient, the party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court. Ex parte Northern Capital Res. Corp., 751 So.2d [12] at 15 [(Ala. 1999)].
 "`When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? We state these items not as requirements, but merely as factors that, considered together, should in a particular case give a clear indication whether the chosen forum is reasonable.'
 "Ex parte Northern Capital Res. Corp., 751 So.2d at 14."
Ex parte Rymer, 860 So.2d 339, 342-43 (Ala. 2003).
The defendants argue that enforcement of the forum-selection clause is not unreasonable because, they say, 1) the parties to the agreement are sophisticated business entities with ready access to counsel and with the capacity to understand and appreciate contractual terms, 2) the subject matter of the agreement is authorizing Lathan to install a complex commercial roofing system designed and manufactured by Soprema, 3) the chosen forum is the place of Soprema's headquarters, as well as the place of residence of two of the individual defendants, 4) the agreement, as well as its forum-selection clause, is clear and unambiguous, and 5) no "extraordinary facts" have arisen to make Ohio, the selected forum, seriously inconvenient.
We agree with the defendants that when the five factors set forth in Ex parte Northern Capital Resource Corp.,751 So.2d 12, 15 (Ala. 1999), as quoted in Ex parte Rymer,
are applied to the facts of this case, trial in Ohio, the forum chosen in the forum-selection clause, does not appear be unreasonable or so difficult and seriously inconvenient as to deprive Lathan of its day in court. As the defendants point out, the parties in this case are business entities and businesspersons. Soprema is an Ohio corporation that manufactures and sells roofing products; Lathan is an Alabama corporation that installs commercial roofs. The subject matter of the agreement authorizes Lathan to install roofing systems manufactured by Soprema and grants Lathan "the nonexclusive right to hold itself out as an authorized Soprema roofing contractor and to install Soprema roofing systems within the jurisdictional *Page 914 
boundaries of the United States." Thus, the evidence clearly establishes that both parties to the agreement are reasonably sophisticated and have knowledge of the subject matter of the agreement.
Additionally, the forum-selection clause in clear and unambiguous language provides that the chosen forum for "[a]ny suit, action, or other proceeding which arises out of or is based upon the subject matter of this Agreement" is an Ohio state court with jurisdiction over Medina County, Ohio, or the United States District Court for the Northern District of Ohio. Soprema's headquarters is in Medina County, Ohio. Indeed, the language clearly indicates that Lathan, when it executed the agreement, knew that it was authorized to install Soprema roofing systems throughout the United States, but it agreed that litigation arising out of its relations with Soprema and its authorization to install Soprema roofing systems would be conducted in Ohio.
Moreover, Lathan does not argue that it did not understand the terms of the forum-selection clause; instead, it argues that the claims in its complaint are outside the scope of the forum-selection clause. This argument, however, lacks a basis in fact because without the agreement, which authorizes Lathan to act as a Soprema contractor, Lathan would not have a cause of action against Soprema. Lathan's complaint rests upon Soprema's alleged denial that Lathan is a Soprema authorized contractor and Soprema's failure to provide adequate documentation to UWF to support Lathan's bid for the UWF project.[2] Thus, Lathan's cause of action arises out of the subject matter of the agreement and falls within the scope of the agreement and, consequently, within the scope of the forum-selection clause.
Lastly, Lathan does not establish that extraordinary facts have arisen since the execution of the agreement that would make Ohio seriously inconvenient as a forum. Lathan's argument that Ohio is a seriously inconvenient forum for its action because "most of the witnesses are located in Alabama" and the majority of the documents are located in Alabama is not persuasive. Lathan was aware of the potential inconvenience of conducting litigation in a location different from its corporate headquarters or a job site before it executed the agreement; therefore, these facts do not establish that "extraordinary circumstances" have arisen since the agreement was entered into so as to make Ohio seriously inconvenient as a forum.
In summary, under the factors set forth in Northern CapitalResource, Lathan has not established that enforcement of the forum-selection clause would be unreasonable.
In its answer to the defendants' petition for a writ of mandamus, Lathan argues that the defendants have waived enforcement of the forum-selection clause by engaging in 22 months of discovery on the merits of Lathan's complaint and by filing a permissive counterclaim. Lathan maintains that these actions evidence the defendants' intention to abandon enforcement of the forum-selection clause. We disagree.
When the trial court addressed the defendants' motion to dismiss, the trial court conditionally denied the motion in a written order; that order states:
 "Discovery must be performed before the Court determines whether the `out-bound *Page 915 
forum clause' controls the issue of venue given the allegations of the complaint and positions of the parties expressed at oral argument on the motion to dismiss."
The trial court's order expressly directed discovery pertaining to the allegations of the complaint. Compliance with the trial court's order and engaging in discovery addressing the merits of the complaint therefore cannot be held to be evidence of the defendants' intention to abandon enforcement of the selection-forum clause. Moreover, the defendants' filing of a counterclaim does not indicate an acquiescence to the jurisdiction of the Mobile Circuit Court or a substantial invocation of the litigation process; rather, it evidences the defendants' diligence in conducting the ordered discovery and preparing for litigation if their motion to dismiss is denied.
Finally, Lathan argues that enforcement of the forum-selection clause is unreasonable because, it says, enforcement of the clause would divide this action into separate cases: its case against the defendants in Ohio and the defendants' case against it, based on their counterclaim, in the Mobile Circuit Court. Lathan maintains that if the forum-selection clause is enforced, this action will be split, and splitting causes of action or claims is against Alabama policy that promotes judicial economy and convenience and fairness to the parties.
 "`The enforcement of a forum-selection clause creates a serious inconvenience if it would result in two lawsuits involving similar claims or issues being tried in separate courts.' Alpha Sys. Integration, Inc. v. Silicon Graphics, Inc., 646 N.W.2d 904, 909 (Minn.Ct.App. 2002) (emphasis added). `A forum-selection clause is also unreasonable if its enforcement would contravene a strong public policy of the forum in which the suit is brought.' Id. at 910."
Ex parte Leasecomm Corp., 886 So.2d at 63.
Lathan's argument is speculative and conclusory. Lathan does not provide this Court with adequate facts with regard to the defendants' counterclaim to support its contention; therefore, we cannot address this argument.
Lathan had the burden of establishing that enforcement of the forum-selection clause would be unfair or unreasonable; it has not done so.
 Conclusion
The defendants have established that they have a clear legal right to the enforcement of the forum-selection clause because Lathan has failed to establish that enforcement of the clause would be unfair or unreasonable. The trial court exceeded the scope of its discretion in denying the defendants' motion to dismiss. We direct the trial court to dismiss this cause, without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, HARWOOD, and BOLIN, JJ., concur.
[1] According to Lathan, Soprema assisted UWF in developing the project specifications, including the bid-document requirements.
[2] In Ex parte Leasecomm Corp., 879 So.2d at 1159, this Court recognized that general claims of fraud — and other torts — can be litigated in the forum agreed upon by the parties in a forum-selection clause. *Page 916