CRAWLEY, Judge.
In April 1997, Roy A. Moseley, Brenda D. Moseley, and Real Estate America, Inc., sued Electronic Realty Associates, L.P., ERAGP, Inc., and ERA Franchise Systems, Inc., (“ERA”), alleging that ERA had fraudulently induced them to enter into a franchise agreement. The Moseleys requested that the franchise agreement be set aside as void. ERA eventually filed a motion to dismiss the Moseleys’ complaint for lack of proper venue; that motion was treated as a motion for summary judgment and was granted by the trial court. The Moseleys appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Because the trial court heard evidence outside the pleadings, ERA’s motion to dismiss was converted to a Rule 56, Ala. R. Civ. P., motion for summary judgment. Rule 12(b), Ala. R. Civ. P. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for a discussion of the application of the substantial evidence rule.
The Moseleys and ERA entered into a franchise agreement that contained an outbound forum selection clause; that clause provided that any lawsuits arising under the agreement would be filed in the state or federal courts of Kansas. Our supreme court has held that an outbound forum selection clause is not per se invalid, and “that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances.” Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala.1997).
The Moseleys operate a realty company in Prattville. Mr. Moseley testified that if he and his wife had to travel to Kansas to litigate this lawsuit, “We’d just have to shut our business down.” Mr. Moseley also testified that he and his wife had taken three-day vacations before without damaging then-business and that he. and his wife employ three other agents in their office. Mr. Moseley further testified that he had been involved in the real estate business for about 10 years and that he was retired from the military service. Mr. Moseley admitted that he signed the agreement without having read it. Mr. Moseley gave vague testimony regarding the value of his business, the value of his personal assets, and his income. We conclude that the trial court properly found that the Moseleys did not present substantial evidence indicating that the forum selection clause was either unfair or unreasonable, and it properly entered the summary judgment for ERA.
AFFIRMED.
YATES and THOMPSON, JJ„ concur.
ROBERTSON, P.J., and MONROE, J., concur in the result only.