PETITION FOR WRIT OF MANDAMUS
Northern Capital Resource Corporation, the defendant in an action pending in the Mobile Circuit Court, petitions for a writ of mandamus directing the trial court to grant the defendant's motion to dismiss for improper venue. We grant the petition and issue the writ.
The plaintiffs, Faith Academy of Mobile, Inc., and Life Church, Inc., contacted the defendant Northern Capital through a loan broker, in an effort to obtain financing in the amount of $4.7 million. The parties entered into a written agreement on December 12, 1997, which provided that the plaintiffs would pay the defendant $35,250 as half payment of a loan-request fee, and that the defendant would, within 30 days, locate a lender willing to enter into a financing agreement with the plaintiffs.
Paragraph 11 of this agreement was a forum-selection clause, which read as follows:
 "11. The parties agree that this Formal Loan Request Agreement shall be accepted or rejected at the offices of the Corporation at Springfield, Missouri, and shall be construed in accordance with and governed by the laws of the State of Missouri. The parties further agree that proper venue and jurisdiction for litigation concerning this Agreement shall be Greene County Circuit Court, State of Missouri. Any other venue or jurisdiction is specifically waived by both Borrower and Corporation."
This paragraph, as with all the individual paragraphs of the agreement, was initialed by the representative of the plaintiffs.
The defendant put the plaintiffs in contact with Silicon Valley Bank, which planned to provide the financing requested by the plaintiffs. However, Silicon Valley Bank refused to provide the financing after it learned the plaintiffs had defaulted on an earlier bond issue. The lawsuit now pending in the circuit court arose out of this refusal by Silicon Valley Bank. *Page 14 
This petition deals with the forum-selection clause of the agreement between the plaintiffs and the defendant. The sole issue before this Court is whether the trial court abused its discretion in denying the defendant's Rule 12(b)(3), Ala.R.Civ.P., motion to dismiss for improper venue.
In recent years, this Court has adopted the majority rule that a forum-selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances. Professional Ins. Corp. v. Sutherland,700 So.2d 347 (Ala. 1997); O'Brien Eng'g Co. v. Continental Machs., Inc.,738 So.2d 844 (Ala. 1999). A party wishing to invalidate a forum-selection clause has the burden to show:
 "[E]ither (1) that enforcement of the forum selection [clause] would be unfair on the basis that the [contract was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen . . . forum would be seriously inconvenient for the trial of the action."
Professional Ins. Corp., 700 So.2d at 352.
The plaintiffs do not allege "fraud, undue influence, or overweening bargaining power," so we will focus on the issue of reasonableness. A forum-selection clause will be taken as valid and enforceable unless the chosen forum is found to be unreasonable and "seriously inconvenient." Id. at 350 and 352. We agree with the United States Supreme Court, which has held that "where it can be said with reasonable assurance that at the time they entered the contract, the parties . . . contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1,16 (1972), as quoted in Professional Ins. Corp., 700 So.2d at 353 (Maddox, J., concurring in the result).
When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? We state these items not as requirements, but merely as factors that, considered together, should in a particular case give a clear indication whether the chosen forum is reasonable.
The parties before us either are business-oriented or were represented by people who are. The defendant is obviously a business entity, an organization dealing in finance. The plaintiffs, a church and a private school, were represented by at least a financial adviser and possibly also by legal counsel during the course of their dealings related to the contract. In addition, the parties were arranging for a complex business loan of $4.5 million, which was to be tied into a bond issue. It is hard to understand how the plaintiffs could not be seen as business entities; they were involved in a large business deal and were receiving financial advice. Consequently, we conclude that both the first and the second of the five factors stated above would suggest no unreasonableness in regard to the forum-selection clause.
Additionally, Greene County, Missouri, because it is the location of the defendant's headquarters, would have a number of inherent advantages as a site for a trial of these parties' dispute. Many of the defendant's witnesses and almost all of the documents that would be used at trial are in Missouri. Therefore, we conclude that Greene County, Missouri, has inherent *Page 15 
advantages as a forum for the trial of this case; thus, the third factor suggests no unreasonableness.
The forum-selection clause in this case appears to be clear and understandable. We see no ambiguity in it, nor do we see any way in which the plaintiffs could have misinterpreted it. This is true even if we assume the plaintiffs entered the agreement without legal advice (the pleadings suggest the plaintiffs were receiving advice of counsel at some point in the negotiations or dealings leading to the contract). The plaintiffs surely should have understood the forum-selection clause. Thus, the fourth factor suggests the clause was not unreasonable.
In regard to the fifth factor, we note that the materials before us indicate no extraordinary facts arising after the parties entered this contract that would make Greene County, Missouri, a "seriously inconvenient" forum. Nothing suggests such a change in the plaintiffs' situation, or anything else, occurring since the signing of the contract that would make the chosen forum "`so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court.'"Professional Ins. Corp., 700 So.2d at 353-54 (Maddox, J., concurring in the result) (quoting M/S Bremen, 407 U.S. at 18).
Because the plaintiffs did not show "that the chosen [Missouri] forum would be seriously inconvenient for the trial of the action," Professional Insurance Corp., 700 So.2d at 352, the trial court abused its discretion by denying the defendant's motion to dismiss. The trial court is directed to grant that motion.
 PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.