D.M. White Construction Company, Inc. ("D.M. White"), is a defendant in an action pending in the Madison Circuit Court. It petitions for a writ of mandamus directing the circuit court to enforce an "outbound" forum-selection clause in its contract with the plaintiff Stinnett Concrete Company, Inc. ("Stinnett"), by granting D.M. White's motion for summary judgment.
In August 1997, Stinnett, through its owner, Edgar Stinnett, contracted to become a subcontractor to perform specified concrete work for D.M. White's construction project — the Carmike Cinemas 10-plex theater in Huntsville. The contract contained the following clause:
 "Should the parties be unable to agree on a reasonable sum on said basis for work actually performed, or if there is any other dispute between the parties to this agreement, the parties agree that all causes of action, lawsuits and any other legal and/or administrative proceedings must be instituted in the courts of Hamilton County, Tennessee, and that the courts in Hamilton County, Tennessee, shall be the sole forum for the adjudication of any and all disputes between the Contractor and Subcontractor. The Subcontractor expressly agrees to submit to the jurisdiction of the courts in the State of Tennessee and the venue of the courts in Hamilton County, Tennessee, whether or not any of the work was actually performed in the State of Tennessee or without regard to where this contract was entered into. The Subcontractor further agrees that the laws of the State of Tennessee shall apply to the interpretation of this contract and to any dispute that may arise between the Contractor and Subcontractor."
The contract further provided: "This Agreement shall be governed by and interpreted in accordance with the substantive laws of the State of Tennessee."
In November 1998, Stinnett sued D.M. White, alleging fraud, negligence, breach of contract, and failure to timely pay a subcontractor, and seeking payment for work and labor performed. In December 1998, D.M. White moved for a summary *Page 372 
judgment, alleging improper venue and requesting that the circuit court enforce the "outbound" forum-selection clause. In July 2000, the circuit court conducted a hearing on D.M. White's motion and denied it, without issuing a written explanation. D.M. White petitioned the Court of Civil Appeals for a writ of mandamus directing the circuit court to vacate its order denying the summary-judgment motion and to enforce the "outbound" forum-selection clause by granting the summary-judgment motion. The Court of Civil Appeals, on October 17, 2000, denied the mandamus petition. Exparte D.M. White Constr. Co. (No. 2991177), ___ So.2d ___ (Ala.Civ.App. 2000) (table). D.M. White then petitioned this Court for a writ of mandamus, seeking the same relief. See Rule 21, Ala.R.App.P.[1]
 "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499
(Ala. 1995)."
Ex parte CTB, Inc., 782 So.2d 188, 190 (Ala. 2000). In Ex parte CTB, this Court established that a petition for a writ of mandamus is the proper vehicle for obtaining review of an order denying enforcement of an "outbound" forum-selection clause when it is presented in a motion to dismiss. Indeed, an attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala.R.Civ.P., for contractually improper venue. Additionally, we note that a party may submit evidentiary matters to support a motion to dismiss that attacks venue. Williams v. Skysite Communications Corp., 781 So.2d 241
(Ala.Civ.App. 2000), quoting Crowe v. City of Athens, 733 So.2d 447, 449
(Ala.Civ.App. 1999).
D.M. White raised the forum-selection clause in a motion for summary judgment. A motion for summary judgment is an appropriate means of seeking an adjudication on the merits. Bean v. Craig, 557 So.2d 1249
(Ala. 1990). D.M. White, however, is not seeking an adjudication on the merits; therefore, summary judgment — which would operate much as a dismissal with prejudice — would not be appropriate. However, in light of the facts of this particular case and recognizing that "[t]he substance of a motion and not its style determines what kind of motion it is," Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997), we will treat D.M. White's motion as a motion to dismiss without prejudice and address the merits of this petition. Ex parte CTB, Inc.
An outbound forum-selection clause is enforceable unless the challenging party can establish that enforcement of the clause would be unfair on the basis that the contract "`[w]as affected by fraud, undue influence, or overweening bargaining power or . . . enforcement would be unreasonable on the basis that the [selected] forum would be seriously inconvenient.'" The burden on the challenging party is difficult to meet. Ex parte CTB, supra. See also Professional Ins. Corp. v.Sutherland, 700 So.2d 347, 351 (Ala. 1997). On appeal, the review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion. O'Brien Eng'g Co. v. Continental *Page 373 Machs., Inc., 738 So.2d 844 (Ala. 1999).
When D.M. White moved for a summary judgment — basing its motion on the grounds that the outbound forum-selection clause should be enforced and the cause "dismissed" — Stinnett responded with an affidavit stating:
 "My name is Ed Stinnett and I am the president of Stinnett Concrete Co. Inc. an Alabama Corporation which is solely owned by myself. Stinnett Concrete Co. Inc. became licensed to do business in Huntsville Alabama in 1987. D.M. White is a large construction company located in Chattanooga TN. They contracted to build the Carmike Cinema 10 Plex Theater located at 1359 Old Monrovia Rd. in Huntsville, Alabama. The subcontract was submitted to me without any negotiations. I either had to accept or reject the contract as written. There was no bargaining or negotiation between my company and D.M. White Construction Co. as to the terms of the contract. If I wanted to do the work I had to sign their contract as written.
 "Stinnett Concrete Co. Inc. does business in Huntsville, Madison County Alabama and it would be inconvenient for it to have to go to Chattanooga, Hamilton County, Tenn. to bring this issue before the court. We contracted to do the construction in Madison County, Alabama. The witnesses are located in Madison County, Alabama to the issues involved in the lawsuit. It would be unfair and unreasonable to require me and the witnesses to go out of state to bring and conduct a lawsuit against the general contractor who constructed the building in Madison County, Alabama. I did not freely enter into the agreement with D.M. White, as they had overwhelming bargaining power. The forum chosen by D.M. White in their contract is unreasonable and is seriously inconvenient for me and witnesses to attend a trial 107 miles from where a structure was built. To require my company to go to Chattanooga to litigate this matter will deprive it of its day in court. There are other causes of action set forth in [the] complaint to-wit fraud, negligence, work and labor and timely payment to subcontractor under section 8-29-6, Code of Alabama, 1975 in addition to the [breach] of contract action. It is proper for these to be brought in the court of the State of Alabama."
The averments in Stinnett's affidavit do not establish that enforcement of the outbound forum-selection clause would be unfair on the basis that the contract "was affected by fraud, undue influence, or overweening bargaining power" or would be unreasonable on the basis that the selected forum would be seriously inconvenient. Stinnett does not contend that the contract was affected by fraud or undue influence. While Stinnett states that D.M. White is a large company, as compared to Stinnett, that Stinnett was not allowed to negotiate any of the terms of the contract, and that the contract had to be accepted as written, these statements alone do not establish "overweening bargaining power."
Additionally, Stinnett offered only conclusory statements to support his contention that enforcing the clause would be unreasonable. He offers no evidence to support these statements. The chosen forum — a Tennessee state court in Chattanooga — is not, per se, unreasonable or seriously inconvenient. Tennessee is the home state of D.M. White; evidence indicated that four to six witnesses lived in Chattanooga; and the bulk of the documents relevant to the lawsuit were located in Tennessee. Additionally, Stinnett did not establish that the forum would be seriously inconvenient. Indeed, distance of travel does not establish that a forum is unreasonable. Ex parte Northern Capital *Page 374 Res. Corp., 751 So.2d 12 (Ala. 1999) (enforcing outbound forum-selection clause requiring that litigation be conducted in Missouri); O'Brien Eng'gCo. v. Continental Machs., Inc., supra (enforcing outbound forum-selection clause requiring that litigation be conducted in Minnesota); Moseley v. Electronic Realty Assocs., 730 So.2d 227 (Ala. 1998) (enforcing outbound forum-selection clause requiring that litigation be conducted in Kansas); and Professional Ins. Corp., et. al.v. Sutherland, 700 So.2d 347 (Ala. 1997) (enforcing outbound forum-selection clause requiring that litigation be conducted in Florida).
Stinnett did not present substantial evidence establishing that the outbound forum-selection clause was either unfair or unreasonable. Therefore, the trial court abused its discretion by denying D.M. White's motion to enforce the outbound forum-selection clause. The trial court is directed to dismiss this cause without prejudice, pursuant to Rule 12(b)(3), Ala.R.Civ.P.
PETITION GRANTED; WRIT ISSUED.
Houston, See, Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.
[1] We note that Rule 5, Ala.R.App.P., did not permit D.M. White to seek an interlocutory appeal of the order denying the summary-judgment motion, because original jurisdiction of an appeal from Stinnett's action would be in the Court of Civil Appeals.