BellSouth Advertising Publishing Corporation, a corporation whose headquarters are in Georgia ("BAPCO"), and Collette Rymer, an account representative for BAPCO, defendants in an action pending in the Calhoun Circuit Court, petition this Court for a writ of mandamus directing the trial court to grant Rymer and BAPCO's motion to dismiss for improper venue. We grant the petition and issue the writ.
 Facts and Procedural History
On February 17, 2000, Patrick P. Hughes, an attorney, and Rymer executed an order form ("the contract"), pursuant to which Hughes was to purchase an advertisement in a telephone directory published by BAPCO.[1]
The contract contained the following paragraph just above Rymer's and Hughes's signatures on the front page:
 "Applicant, personally, or as authorized representative, applies to BELLSOUTH ADVERTISING PUBLISHING CORPORATION . . . for the advertising described above . . . . By signing this [contract], or receipt of a copy without cancellation as set forth on the reverse, Applicant acknowledges having read, understood, and agreed to the Terms and Conditions on the reverse."
The reverse side of the contract is entitled "Terms and Conditions." Paragraph 11 of the Terms and Conditions states:
 "11. ENTIRE AGREEMENT/GOVERNING LAW/VENUE. This [contract], if accepted by us, and any associated . . . agreements are our entire agreement with you and shall be governed by the laws of the State of Georgia. We will not be bound by and disclaim any warranty or right to rely upon any other agreement or representation, such as the location of your Advertising in association with a heading, the nature of other's advertising or changes which you may later request in your Advertising. Any litigation arising hereunder shall be filed in either the Federal District Court for the Northern District of Georgia or the Superior Court of DeKalb County, Georgia, and you agree to *Page 341 
consent to the jurisdiction of such courts."
On September 28, 2000, Hughes sued Rymer and BAPCO in the Calhoun Circuit Court alleging breach of contract, fraud, misrepresentation, the tort of outrage, conversion, and negligence. On November 2, 2000, Rymer and BAPCO filed a motion to dismiss pursuant to Rule 12(b)(3), Ala.R.Civ.P., alleging that venue in the Calhoun Circuit Court was improper based on the "outbound" forum-selection clause contained in paragraph 11 of the contract. After a hearing, the trial court denied Rymer and BAPCO's motion to dismiss, finding that enforcement of the outbound forum-selection clause would be unfair on the basis of "fraud, undue influence, and Defendants' bargaining power and that enforcement would be unreasonable on the basis that the chosen forum would be inconvenient for the trial of this action."
 Standard of Review
An outbound forum-selection clause — a clause by which parties specifically agree to trial outside the State of Alabama in the event of a dispute — implicates the venue of a court rather than its jurisdiction. See Ex parte CTB, Inc., 782 So.2d 188 (Ala. 2000); andO'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844, 845 n. 1 (Ala. 1999).
 "`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte National Security Ins. Co., 727 So.2d 788, 789 (Ala. 1998). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)."
Ex parte CTB, Inc., 782 So.2d at 190. "On appeal, the review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion." Ex parte D.M. White Constr. Co.,806 So.2d 370, 372 (Ala. 2001).
 Analysis
Alabama has adopted the majority rule that an outbound forum-selection clause should be enforced so long as enforcement is neither unfair nor unreasonable under the circumstances of the case. Professional Ins.Corp. v. Sutherland, 700 So.2d 347, 351 (Ala. 1997). The party challenging the enforcement of such a clause has the burden of clearly establishing either
 "(1) that enforcement of the forum-selection clause
would be unfair on the basis that the contract . . . [was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen . . . forum would be seriously inconvenient for the trial of the action."
Sutherland, 700 So.2d at 352. See also Ex parte CTB, Inc., 782 So.2d at 190-91; and Ex parte Northern Capital Res. Corp., 751 So.2d 12, 14 (Ala. 1999). Rymer and BAPCO contend that they have a clear legal right to the enforcement of the outbound forum-selection clause because, they say, Hughes failed to carry his burden of clearly establishing that enforcement of the clause would be unfair or unreasonable.
In order to demonstrate that enforcement of the clause would be unfair, Hughes must show that the contract was affected by fraud, undue influence, or overweening bargaining power. Sutherland, 700 So.2d at 352. First, Rymer and BAPCO argue that Hughes failed to *Page 342 
demonstrate that the contract was affected by fraud. We agree. Although Hughes strenuously asserts that "this contract was affected by fraud and would not have been entered into absent that fraud" (Hughes's answer at 4), he fails to provide any evidence indicating that Rymer and BAPCO committed fraud of any kind. Furthermore, Hughes fails to explain exactly how the contract was actually affected by the alleged fraud.
In support of his opposition to Rymer and BAPCO's motion to dismiss based on the outbound forum-selection clause, Hughes submitted two affidavits. In the first affidavit Hughes does not mention fraud, but instead contends that he did not read the contract before he signed it. Alabama law holds that "a person who signs a contract is on notice of the terms therein and is bound thereby even if he or she fails to read the document." Locklear Dodge City, Inc. v. Kimbrell, 703 So.2d 303, 306
(Ala. 1997) (citing Power Equip. Co. v. First Alabama Bank, 585 So.2d 1291
(Ala. 1991)). The second affidavit merely contains the conclusory assertion that "[t]he contract language raised by [BAPCO and Rymer] was induced by fraud and undue influence." Hughes's conclusory assertions, without more, are insufficient to meet his burden of clearly establishing that enforcement of the outbound forum-selection clause would be unfair under the circumstances. See Ex parte D.M. White Constr. Co., supra
(concluding that the respondent's conclusory assertions did not establish that enforcement of the outbound forum-selection clause would be unfair or unreasonable).
Rymer and BAPCO further contend that Hughes failed to demonstrate that the contract was affected by undue influence or overweening bargaining power. Only Hughes's second affidavit mentions undue influence and overweening bargaining power. Again, his allegations of undue influence and overweening bargaining power on the part of BAPCO and Rymer are supported only by conclusory statements. Hughes merely states in his second affidavit that the contract was affected by undue influence and that "[b]ecause of the Defendants' [overweening] bargaining power, there was/is no alternative but to utilize Defendants' services." He also contends that "the Defendants convinced me that because the Defendants represented `The Real Yellow Pages,' they were the only appropriate advertising for professionals." Those statements, without more, do not clearly establish that the contract at issue was affected by undue influence or overweening bargaining power.
Because Hughes has offered no evidence to support his allegations that the contract was affected by fraud, undue influence, or overweening bargaining power, he has failed to clearly establish that enforcement of the forum-selection clause would be unfair.
The second issue in a challenge to an outbound forum-selection clause is whether enforcement of the clause would be unreasonable on the basis that the chosen forum would be seriously inconvenient for the trial of an action. In order to demonstrate that the chosen forum is seriously inconvenient, the party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court. Exparte Northern Capital Res. Corp., 751 So.2d at 15.
 "When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a *Page 343 
clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? We state these items not as requirements, but merely as factors that, considered together, should in a particular case give a clear indication whether the chosen forum is reasonable."
Ex parte Northern Capital Res. Corp., 751 So.2d at 14.
The five factors, as applied to this case, do not give a clear indication that a trial in the chosen forum would be so difficult and inconvenient that it would effectively deprive Hughes of his day in court. First, the parties in this case are business entities and businesspersons. BAPCO is obviously a corporation, and Hughes is a professional who maintains a "practice" in Calhoun County. Furthermore, the subject matter of the contract was the purchase of advertising for Hughes's business in a telephone directory. Thus, both parties to this relatively simple agreement are reasonably sophisticated.
The chosen forum for the trial of this action — DeKalb County, Georgia — is the business headquarters for BAPCO. Hughes makes no allegation that he was unable to understand the contract terms, and the outbound forum-selection clause appears to be clearly and unambiguously written. Furthermore, because Hughes is an attorney, it is highly unlikely that he was unable to understand the forum-selection clause as it was written. Finally, Hughes does not allege that any extraordinary circumstances have arisen since the contract was executed that would make the chosen forum seriously inconvenient. Consequently, we conclude that these factors suggest no unreasonableness as to this particular forum-selection clause under the facts of this case.
 Conclusion
Hughes failed to clearly establish that enforcement of the forum-selection clause would be either unfair or unreasonable. Rymer and BAPCO have demonstrated a clear legal right to have the action against them dismissed on the basis that venue in the Calhoun Circuit Court is, by virtue of the outbound forum-selection clause, improper. The trial court abused its discretion in denying Rymer and BAPCO's motion to dismiss. We direct the court to dismiss this cause, without prejudice, pursuant to Rule 12(b)(3), Ala.R.Civ.P.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.
[1] Rymer and BAPCO allege that Hughes is an attorney licensed to practice law in the State of Alabama; Hughes does not deny the allegation. Furthermore, we take judicial notice from the roll of attorneys maintained by the clerk of this Court that Patrick Paul Hughes is an attorney licensed to practice law in the State of Alabama.