BOLIN, Justice.
United Propane Gas, Inc. ("United Propane"), seeks a writ of mandamus compelling the Cullman Circuit Court to vacate its order denying United Propane's motion to dismiss an action filed by Cullman Security Services, Inc. ("CSS"), and to enter an order dismissing the action. The trial court denied the motion to dismiss on the ground that "the outbound forum-selection clause contained in the parties' contract is unfair or unreasonable because it deprives [CSS] of the ability to file a class action in contravention of a recognized Alabama public policy" and found that the parties'
*1105 contract was a contract of adhesion. We grant the petition and issue the writ.
Facts and Procedural History
United Propane, a Kentucky corporation, offers pre-purchase contracts to its customers, pursuant to which the customers agree to purchase their anticipated fuel usage for a season based upon a fixed price per gallon of gas. A pre-purchase contract gives the customer the advantage of locking in the price of the gas to be supplied for a determined time and gives the supplier of propane and propane accessories the advantage of receiving payment for a known purchase of a supply of gas from the customer for that period.
CSS, a corporation with its principal place of business in Cullman, Alabama, was a customer of Golden Propane Gas, Inc., an affiliate and agent of United Propane.[1] On September 30, 2013, CSS entered into a pre-purchase contract with United Propane. CSS agreed to purchase 550 gallons of propane at the fixed price of $1.6990 per gallon from October 1, 2013, through March 31, 2014. The contract also included the following outbound forum-selection clause:
"Customer agrees to pay all costs incurred by Corporation if it must enforce any of the terms of this Agreement, including but not limited to, reasonable attorneys fees, and further agrees to pay all applicable delivery, finance, system check and motor fuel charges. This agreement shall be governed by the laws of Kentucky and the parties agree that the state courts sitting in McCracken County, Kentucky have exclusive jurisdiction and venue of any dispute arising hereunder."
(Emphasis added.)
Upon signing the contract, CSS paid an outstanding bill for $607.82 and also paid $1,382.52[2] to guarantee the delivery of 550 gallons of propane gas during the upcoming 2013-2014 winter season. In October 2013, United Propane delivered 200 gallons of propane gas to CSS. When CSS requested the delivery of additional propane gas in January 2014, United Propane advised that the only way CSS could acquire the gas would be to purchase it at the rate of $3.599 per gallon. Consequently, CSS purchased gas from another distributor at the higher market rate.
In April 2014, CSS, on its behalf and on behalf of other similarly situated gas consumers, filed a class-action lawsuit against United Propane in the circuit court in McCracken County, Kentucky. Kentucky circuit courts have jurisdiction in civil cases when the amount in controversy exceeds $5,000, exclusive of interest and costs, in matters affecting title to real estate, and in matters of equity. See Ky. Rev. Stat. §§ 23A.010(1) and 24A.120(1). Kentucky law provides, however, that a class action based on breach of contract cannot be maintained in a state circuit court where none of the individual claims is equal to the statutory jurisdictional amount. See Lamar v. Office of Sheriff Daviess Cty., 669 S.W.2d 27 (Ky. Ct. App. 1984). Consequently, the Kentucky court dismissed the complaint without prejudice because "no claim in [CSS's] amended complaint alleges an amount in controversy over $5,000; [CSS's] claims do not affect title to real estate; and [CSS] has not asserted a valid claim for equitable relief." The Kentucky Court of Appeals affirmed the circuit court's dismissal.
On February 11, 2017, CSS filed in the Cullman Circuit Court a "nationwide class action, on behalf of itself and all other commercial entities and business associations similarly situated," seeking redress *1106 for "[United Propane]'s policy and practice to breach uniform written pre-paid contracts, and to systematically violate its duty of good faith and fair dealing by uniformly raising prices on pre-paid commercial contracts and failing to honor the contracts." The complaint sought damages, a declaratory judgment, and injunctive relief.
On April 11, 2017, United Propane filed a Rule 12(b)(3), Ala. R. Civ. P., motion to dismiss CSS's action as having been filed in an improper venue. United Propane argued that the outbound forum-selection clause in the pre-purchase contract required CSS to bring the action in Kentucky and that the case had been previously dismissed by the Kentucky circuit court for failing to meet the statutory jurisdictional amount. In response, CSS argued that both it and the class it seeks to represent were denied the ability to seek any practical relief in the designated forum because Kentucky, unlike Alabama, does not allow a class to aggregate damages to meet the threshold jurisdictional amount. CSS asserted that it was not economically feasible to litigate smaller individual claims in a Kentucky small-claims court, especially given that the court is located a considerable distance from Cullman, Alabama.
Following a hearing on the Rule 12(b)(3) motion, the trial court denied United Propane's motion to dismiss. United Propane timely filed a petition for writ of mandamus.
Standard of Review
" 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)."
Ex parte CTB, Inc., 782 So.2d 188, 190 (Ala. 2000).
"[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. Additionally, we note that a party may submit evidentiary matters to support a motion to dismiss that attacks venue. Williams v. Skysite Communications Corp., 781 So.2d 241 (Ala. Civ. App. 2000), quoting Crowe v. City of Athens, 733 So.2d 447, 449 (Ala. Civ. App. 1999)."
Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001). "On appeal, the review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion." Id. (citing O'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844 (Ala. 1999) ).
Discussion
"An outbound forum-selection clause-a clause by which parties specifically agree to trial outside the State of Alabama in the event of a dispute-implicates the venue of a court rather than its jurisdiction. See Ex parte CTB, Inc., 782 So.2d 188 (Ala. 2000) ; and O'Brien Eng'g Co. v. Cont'l Machs., Inc., 738 So.2d 844, 845 n. 1 (Ala. 1999)." Ex parte Leasecomm Corp., 879 So.2d 1156, 1158 (Ala. 2003). In F.L. Crane & Sons, Inc. v. Malouf Construction Corp., 953 So.2d 366, 373 (Ala. 2006), this Court held that "an outbound forum-selection clause raises procedural issues and is governed by the law of the forum jurisdiction," which, in that case, was Alabama. The Crane Court relied on Ex parte Procom Services, Inc., 884 So.2d 827 (Ala. 2003), in which this Court decided the validity of an outbound forum-selection clause under Alabama law despite a choice-of-law clause in the contract stating that Texas law governed disputes between *1107 the parties. In this case, the parties do not dispute that Kentucky law is applicable to the claims set forth in CSS's complaint. The parties, however, dispute whether the claims should be litigated in a small-claims court in McCracken County, Kentucky, or in the circuit court in Cullman County, Alabama.
In M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the United States Supreme Court held that, under federal law, outbound forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." This Court in Professional Insurance Corp. v. Sutherland, 700 So.2d 347 (Ala. 1997), agreed that an outbound forum-selection clause should be enforced so long as its enforcement is neither unfair nor unreasonable under the circumstances.
Summarizing the factors to consider as set forth in Sutherland and Bremen, this Court in Professional Insurance determined that an outbound forum-selection clause is enforceable unless the party challenging the clause can clearly establish that enforcement of the clause would be (1) unfair on the basis that the contract was affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen forum would be seriously inconvenient for the trial of the action. Ex parte Leasecomm Corp., 879 So.2d at 1159. The burden on the challenging party is difficult to meet. See Ex parte PT Sols. Holdings, LLC, 225 So.3d 37, 42 (Ala. 2016) (citing Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001) ).
In this case, the Cullman Circuit Court applied the Bremen factors as set forth in Rucker v. Oasis Legal Finance, LLC, 632 F.3d 1231 (11th Cir. 2011), which notes that the analysis of Bremen is the same under both Alabama and federal law. The Eleventh Circuit Court of Appeals determined:
"In conducting the Bremen analysis, we have said that '[f]orum selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances.' Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). The Bremen factors provide that a forum selection clause is unenforceable when: '(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.' Krenkel, 579 F.3d at 1281."
632 F.3d at 1236.
In its motion to dismiss, United Propane included a contract containing an unambiguous outbound forum-selection clause that dictates that the venue for a dispute between the parties is in the courts of McCracken County, Kentucky. Therefore, United Propane has presented a presumptively valid outbound forum-selection clause. See Bremen, 407 U.S. at 10. The burden then shifted to CSS to establish clearly that enforcement of the forum-selection clause would be unfair or unreasonable under the circumstances. See Bremen, supra.
CSS asserts that the second through fourth factors set out in Rucker are applicable here and are interrelated. First, CSS contends that enforcement of the outbound forum-selection clause would be unreasonable on the basis that the selected forum-McCracken County, Kentucky-would be seriously inconvenient.
" 'In order to demonstrate that the chosen forum is seriously inconvenient, the *1108 party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court. Ex parte Northern Capital Res. Corp., 751 So.2d [12] at 15 [ (Ala. 1999) ].
" ' "When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? We state these items not as requirements, but merely as factors that, considered together, should in a particular case give a clear indication whether the chosen forum is reasonable." ' "
Ex parte Nawas Int'l Travel Serv., Inc., 68 So.3d 823, 827 (Ala. 2011) (quoting Ex parte Rymer, 860 So.2d 339, 342-43 (Ala. 2003), quoting in turn Ex parte Northern Capital Res. Corp., 751 So.2d 12, 15 (Ala. 1999) ).
In determining whether CSS would be seriously inconvenienced by bringing its action in McCracken County, Kentucky, several factors weigh heavily in favor of United Propane. CSS previously filed a lawsuit, albeit an unsuccessful one, against United Propane in the McCracken Circuit Court that proceeded through the Kentucky appellate process. Although CSS is a small security-services business in Cullman, Alabama, and United Propane is a business that sells propane throughout the Southeast, both are businesses rather than individuals, and United Propane's headquarters is located in Paducah, Kentucky. The subject matter of the contract is the pre-purchase of propane gas, and there are no allegations that either party did not understand the terms of the contract as written. In addition, there are no allegations of extraordinary facts that have arisen since the contract was entered into that would make McCracken County seriously inconvenient as a forum. Thus, the aforementioned factors weigh heavily in favor of United Propane.
The inherent advantage of the chosen forum, however, is a factor that merits discussion. It is clear that Kentucky is more advantageous for United Propane because the plaintiffs are prevented from filing in its state courts a class action in which they aggregate the amount of alleged damages. Nonetheless, this factor is only one of several to consider. Although CSS asserts that the disallowance of a class action effectively prevents it from pursuing its claims in the Kentucky circuit court, there is nothing to stop the purported class-action plaintiffs from pursuing their claims individually in a district or small-claims court in McCracken County.
This brings us to our next consideration: Whether enforcement of the forum-selection clause would be unfair on the basis that it was affected by fraud, undue influence, or overweening bargaining power. CSS does not argue that the agreement was affected by fraud or undue influence. CSS argues that United Propane had overweening bargaining power and that, therefore, CSS was forced to accept the outbound forum-selection clause, which, it says, was included within an adhesion contract. CSS argues that the agreement is unconscionable because, it argues, the chosen forum effectively insulates United Propane *1109 from a class action and therefore deprives CSS and the potential class members from pursuing their claims against United Propane, which, CSS argues, is violative of public policy.
As support for its argument, CSS cites Leonard v. Terminix International Co., 854 So.2d 529 (Ala. 2002), a 5-4 decision, for the proposition that the remedy of a class action is a protected remedy under Alabama public policy. The issue before the Court in Leonard was whether an arbitration agreement that precluded resolution of disputes through class-action procedures was unconscionable. The Court concluded that the arbitration agreement between a pesticide company and homeowners representing a putative class was unconscionable "by reason of economic feasibility." 854 So.2d at 537. The value of each plaintiff's claim was less than $500, but the arbitration fees were estimated to be over $1,150. Id. at 535. This Court held that the "arbitration agreement [was] unconscionable" because the plaintiffs' "expense of pursuing their claim far exceed[ed] the amount in controversy." Id. at 539. Moreover, the Court held that the plaintiffs were "depriv[ed] ... of a meaningful remedy" because the agreement precluded recovery for "indirect, special, and consequential damages or loss of anticipated profits" and foreclosed class-action procedures. Id. at 538. This Court held that the arbitration agreement was, therefore, unenforceable.
In this case, the Cullman Circuit Court found that the contract itself was an adhesion contract, and that finding was a factor to be considered when determining whether the forum-selection clause was unconscionable.[3] In its brief before this Court, CSS argues that the outbound forum-selection clause is a contract of adhesion.[4] An adhesion contract is " ' "one that is offered on a 'take it or leave it' basis to a consumer who has no meaningful choice in the acquisition of the goods or services." ' " Briarcliff Nursing Home, Inc. v. Turcotte, 894 So.2d 661, 667 (Ala. 2004) (quoting Gadsden Budweiser Distrib. Co. v. Holland, 807 So.2d 528, 533 (Ala. 2001), quoting in turn Ex parte McNaughton, 728 So.2d 592, 599 (Ala. 1998) (Almon, J., dissenting) ).
The trial court found that "[e]ven though CSS is a small family-owned business rather than an individual, ... the transaction here is in the nature of a consumer transaction and that bargaining power between the parties was disproportionately unequal." The problem with the trial court's finding is that CSS is in fact a business, and the contract itself was for the purchase of propane gas to be used in its business. Thus, this Court questions whether the bargaining power between United Propane and CSS was as disproportionate as alleged and as the trial court determined.
United Propane argues that the contract is not an adhesion contract or otherwise unconscionable because, it says, CSS was free to purchase gas from another supplier. CSS disagrees, arguing that the test for an adhesion contract is not whether a *1110 buyer is unable to purchase the goods elsewhere, but whether the buyer lacks a meaningful choice in assenting to the terms of the purchase agreement. Nothing before the Court, however, indicates that CSS sought meaningful alternatives before it entered into the contract with United Propane. " ' "Although a party would not have to spend a considerable amount of time and effort to find alternatives, Alabama courts, nevertheless, do require that a party 'shop around' in order to show that there was no meaningful alternative." ' " Newell v. SCI Alabama Funeral Servs., LLC, 233 So.3d 326 (Ala. 2017) (holding arbitration provision was not procedurally unconscionable) (quoting Leeman v. Cook's Pest Control, Inc., 902 So.2d 641, 647 (Ala. 2004), quoting in turn Pitchford v. AmSouth Bank, 285 F.Supp.2d 1286, 1295 (M.D. Ala. 2003) ). This Court concludes, therefore, that CSS has failed to establish that the circumstances under which it entered into the contract containing the forum-selection clause were procedurally unconscionable.
Finally, this Court must consider whether the forum-selection clause, which effectively prevents CSS and other plaintiffs whose individual claims are below $5,000 from pursuing a class-action lawsuit in the chosen forum of Kentucky, violates the public policy. CSS argues that the clause violates the public policy of Alabama because, it asserts, the clause denies CSS and all those similarly situated accessibility to the court system via a class action to litigate claims that are of such small amounts that they are not economically feasible to prosecute as individual cases. Citing Leonard, supra, CSS contends that "[w]hen claims are of such a small amount that traveling hundreds of miles to a foreign state makes no sense because the cost of litigation will exceed the potential damages and the outbound forum does not allow for aggregation of claims, the clause is impracticable and unconscionable ... [and] against the public policy of Alabama."
As previously discussed, the distance to another forum, alone, does not warrant negating a forum-selection clause. See PT Solutions, 225 So.3d at 46 (holding that plaintiff who argued that litigating in another state would "spread thin [her] resources" failed to demonstrate sufficient inconvenience to void a forum-selection clause). To demonstrate inconvenience sufficient to void a forum-selection clause, a plaintiff must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Bremen, 407 U.S. at 18. See also PT Solutions, supra (citing Ex parte Leasecomm Corp., 886 So.2d 58, 62-63 (Ala. 2003) ). Moreover, "the fact that it may 'be more efficient to proceed as a class' is not to say that the prohibition of class-action procedures is unconscionable under Alabama law." Chambers v. Groome Transp. of Alabama, 41 F.Supp.3d 1327, 1353 (M.D. Ala. 2014) (quoting Hornsby v. Macon Cty. Greyhound Park, Inc. (No. 3:10cv680-MHT, June 13, 2012) (M.D. Ala. 2012) (not selected for publication in F. Supp. 2d) ).
The crux of CSS's argument concerns public policy. In its order, the trial court found "under the facts of this case that the outbound forum-selection clause contained in the parties' contract is unfair and unreasonable because it deprives CSS of the ability to file a class action in contravention of a recognized Alabama public policy enunciated in Leonard." Leonard, however, is distinguishable from this case. First, the plaintiffs in Leonard were individual consumers; CSS, as well as the other potential members of the class, are all businesses. Secondly, there is no arbitration clause included within the contracts with United Propane. Third, the arbitration clause in Leonard expressly limited the *1111 amount of damages; the propane contract in this case, however, includes no such limitation of damages as a remedy, and there is nothing before this Court indicating that it would be unfair, unreasonable, or cost-prohibitive for CSS to bring its breach-of-contract claim in the Kentucky small-claims court.[5] Cf. Hornsby v. Macon Cty. Greyhound Park, Inc. (No. 3:10cv680-MHT, June 13, 2012) (M.D. Ala. 2012) (not selected for publication in F. Supp. 2d) (determining that arbitration clause that effectively prevented class action in an ERISA case was not unconscionable and distinguishing Leonard because clause did not limit damages as a remedy). Finally, although Leonard discussed the effect arbitration clauses may have on class-action lawsuits in forum-selection cases, the contract there did not include an outbound forum-selection clause; therefore, any discussion on this specific matter is not binding precedent. Moreover, this Court has consistently held that outbound forum-selection clauses are not per se void as being against public policy. See, e.g., Professional Ins. Corp., 700 So.2d at 350 ; Ex parte Riverfront, LLC, 129 So.3d 1008, 1015 (Ala. 2013) ; Ex parte Spencer, 111 So.3d 713, 716 (Ala. 2012) (citing Brown v. Alabama Chem. Co., 207 Ala. 215, 216, 92 So. 260, 260-61 (1922) ); and O'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844, 845 (Ala. 1999). See also PT Solutions, 225 So. 3d at 43 (involving a noncompetition-clause case and discussing public policy and forum-selection clauses). Therefore, under the particular circumstances of this case, this Court cannot say that the outbound forum-selection clause is an unconscionable violation of public policy.
It is clear that CSS, the party challenging the forum-selection clause, has failed to clearly establish that the enforcement of the outbound forum-selection clause would be unreasonable or unfair.
Conclusion
Accordingly, we conclude that United Propane has shown a clear legal right to have the action dismissed on the basis that venue in the Cullman Circuit Court is, by application of the outbound forum-selection clause, improper. The trial court exceeded its discretion in denying the motion to dismiss CSS's action. We direct the trial court to dismiss the cause, without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Shaw, Main, Wise, Bryan, and Sellers, JJ., concur.
Parker, J., concurs in the result.

For purposes of this opinion, we will refer to the affiliate also as "United Propane."

That payment included the cost to purchase the gas and taxes.

This Court notes that CSS did not specifically argue in its response to the motion to dismiss that the outbound forum-selection clause was part of an adhesion contract or was otherwise unconscionable. CSS did, however, refer to the agreement as an adhesion contract in its version of the facts. In its order, however, the trial court stated that CSS argued that the contract with United Propane was an adhesion contract. The trial court also specifically found that the agreement was an adhesion contract, and that finding was therefore a factor to consider when determining whether dismissal was appropriate.

CSS does not argue that the entire contract is void based on the forum-selection clause; rather, CSS maintains that the clause is severable from the contract.

Other than CSS's assertion that "no attorney would rationally undertake[ ] to seek to litigate a simple contract claim worth under $1,000 some 400 miles away from CSS," the Court is unaware of the alleged value of the breach-of-contract claim or the specific costs of litigating in small-claims court.